UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


DAVID MARSH #145861
a/k/a JASON K. MITHRANDIR,

       Plaintiff,

v.                                    Case No. 2:05-cv-134
                                        HON. ROBERT HOLMES BELL

JENNIFER GRANHOLM, et al.,

       Defendants.

_____/


**OPINION APPROVING MAGISTRATE JUDGE'S**

**REPORT AND RECOMMENDATION**

        The Court has reviewed the Report and Recommendation filed by the United States

Magistrate Judge on July 11, 2006.  The Report and Recommendation was duly served on the

parties.  The Court received objections from both Plaintiff and Defendants.  In accordance with 28

U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report

and Recommendation to which objection has been made.  The Court now finds the objections to be

without merit.

        In the report and recommendation, the Magistrate Judge recommended that the court

grant Defendants' motion for summary judgment on Plaintiff's First, Seventh and Eighth claims,

which implicate the fact or duration of Plaintiff's confinement because such claims should be

brought in the context of a petition for habeas corpus and are not proper subjects of a civil rights

action brought pursuant to § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the

essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the

traditional function of the writ is to secure release from illegal custody).

In his objections, Plaintiff states that this recommendation is erroneous because "he is not seeking a 'release' from prison." Plaintiff claims that parole is a continuation of custody, so that his claims regarding a release on parole do not implicate the fact or duration of Plaintiff's confinement. However, contrary to Plaintiff's assertions, a release on parole is a release from confinement. The fact that a parolee continues to be under the jurisdiction of the state does not mean the parole is equivalent to imprisonment. Therefore, for the reasons set forth in the report and recommendation, Plaintiff's First, Seventh and Eighth claims, which implicate the fact or duration of Plaintiff's confinement, are properly dismissed.

Plaintiff also objects to the Magistrate Judge's recommendation that Defendants are entitled to summary judgment on Plaintiff's claims that he should be allowed to adopt a "familiar," to possess a dagger, to engage in private heterosexual procreation, and to worship privately outdoors. However, as noted in the report and recommendation, Plaintiff has been convicted of murder. Consequently, there are obviously serious safety concerns regarding his continued incarceration. Because the mere fact of Plaintiff's incarceration is at odds with the ability to engage in the above listed behavior, the court concludes that preventing him from doing so is the least restrictive means to further the government's interest in institutional safety. Therefore, Plaintiff's objections on this issue are without merit.

Plaintiff objects to the Magistrate Judge's finding that he has failed to show that his inability to purchase items from Azure Green imposes a substantial burden on his ability to practice his religion. Plaintiff claims that, as previously alleged, Azure Green is the only vendor which can supply his religious needs. However, Plaintiff does not state which items may only be obtained from Azure Green, nor does he explain his need for those specific items. The court notes that it is unlikely

that every practicing Wiccan purchases all of their religious supplies from Azure Green.  Therefore, the court concludes that Plaintiff's objections on this issue are without merit.

Plaintiff contends that the Magistrate Judge erred in recommending that Defendants are entitled to qualified immunity with regard to their individual liability for damages under the RLUIPA.  However, as noted in the report and recommendation, the case law with regard to whether Defendants are liable for damages under the RLUIPA is currently unsettled in this and other circuits. *See Gooden v. Crain,* ___F. Supp.2d ___, 2005 WL 3436769, at *9 (E.D. Tex. Dec.13, 2005) (appearing to hold claims for damages, especially those against officials in individual capacities, unavailable under the RLUIPA); *Smith v. Haley,* 401 F. Supp. 2d 1240, 1246 (M.D. Ala. 2005) ("Because there is simply nothing in the statute that clearly suggests that government employees can be liable for damages in their individual capacities, the court doubts that RLUIP[A] provides for such."); *Boles v. Neet,* 402 F.Supp.2d 1237, 1240 (D. Colo. 2005) ("The Court understands [the RLUIPA] to permit cases against a governmental entity, but not against an individual officer, except perhaps in his or her official capacity."); *Chase v. City of Portsmouth,* No. Civ. A. 2:05CF446, 2005 WL 3079065, at *5 (E.D. Va. Nov.16, 2005) ("Appropriate relief may include injunctive and declaratory relief as well as nominal damages."); *Farrow v. Stanley,* No. Civ. 02-567-PB, 2005 WL 2671541, at *11 n. 13 (D.N.H. Oct.20, 2005) ("There is substantial uncertainty ⋯ as to whether [42 U.S.C. § 2000cc-2] even provides a right to money damages."); *Guru Nanak Sikh Soc'y of Yuba City v. County of Sutter,* 326 F.Supp.2d 1140, 1162 (E.D.Cal.2003) ("the issue of whether RLUIPA allows the recovery of damages is an open question"); *Agrawal v. Briley,* No. 02C6807, 2003 WL 164225, at *2 n. 2 (N.D.Ill. Jan.22, 2003) ("it is unclear whether [42 U.S.C. § 2000cc-2(a) ] authorizes a claim for damages as well as injunctive relief"). *But see Williams v. Bitner,* 359 F. Supp. 2d 370 (M.D.Pa.2005) (recognizing corrections employees and officials' exposure to liability in

individual capacities on inmate's § 1983 claim asserting violation of the RLUIPA); and *Daker v. Ferrero, et al.*, 2006 WL 346440, slip op. p. 9 (N.D. Ga. Feb. 13, 2006) (also recognizing officials' exposure to liability in individual capacities on inmate's § 1983 claim asserting violation of the RLUIPA). Therefore, the Magistrate Judge properly found that Defendants could have reasonably have believed that their conduct did not expose them to liability in their individual capacities under the RLUIPA. *Dietrich*, 167 F.3d at 1012; *Anderson*, 483 U.S. at 641. Consequently, the court finds that Defendants are entitled to qualified immunity on the issue of liability for damages in their individual capacities.

In Defendants' objections, they contend that the Magistrate Judge erred in finding that Plaintiff's claims with regard to group religious meetings and religious paraphernalia should be equitably tolled because of the uncertainty of the state of the RLUIPA between November 7, 2003, and May 31, 2005. Defendants state that this is so because equitable tolling should be applied only sparingly and because Plaintiff did not exercise due diligence. However, as noted by the Magistrate Judge in the report and recommendation, there was a period of approximately one and a half years during which any claim filed raising the RLUIPA would have been dismissed for lack of merit. Plaintiff cannot be faulted for not filing his claims during this time period. Should the court adopt Defendants' reasoning on this issue, Plaintiff's statute of limitations for filing his group meeting claim would be effectively shortened by one year, and the statute of limitations for filing his religious paraphernalia claim would be shortened by one and a half years. Given the fact that such a significant time period is involved, the court concludes that the application of equitable tolling appears to be warranted. Moreover, the fact that Plaintiff filed this lawsuit less than a week after the United States Supreme Court found the RLUIPA to be constitutional, shows due diligence. Therefore, Defendants' objections on this issue lack merit.

Defendants further claim that they are entitled to summary judgment on Plaintiff's group worship and religious paraphernalia claims because the mere fact of Plaintiff's incarceration is at odds with these requests. As noted above, many of Plaintiff's requests are at odds with the mere fact of his incarceration. However, it is not clear that Defendants are entitled to deny Plaintiff any type of group service or deny him the ability to possess at least some of the requested items. Therefore, Defendants' objections on this issue lack merit.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court.

Date:    August 22, 2006          /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE