UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID MARSH, a/k/a
JASON K. MITHRANDIR,

       Plaintiff,

v.                                                                                          Case No. 2:05-cv-134
                                                             HON. ROBERT HOLMES BELL

JENNIFER GRANHOLM, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

       Plaintiff David Marsh, an inmate currently confined at the Riverside Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Michigan Governor Jennifer Granholm and several employees of the Michigan Department of Corrections (MDOC). Specifically, Defendants include MDOC Director Patricia Caruso, Michigan Parole Board Chairman John S. Rubitschun, St. Louis Correctional Facility Warden Blaine Lafler, and Chippewa Correctional Facility Warden Fabian Lavigne.

       In his complaint, Plaintiff asserts that Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) by failing to adequately accommodate his religious beliefs. Plaintiff has been a self-professed Wiccan for the past 20 years. Plaintiff alleges that he is serving a mandatory life sentence and has been unable to practice his religious beliefs since his incarceration. Plaintiff states that his religious beliefs require that he be allowed privacy, in a natural setting, and that his sacred objects and books not be profaned by being touched by others. Plaintiff contends that the greatest sacrament of the Wiccan religion is the

celebration of life, made manifest through heterosexual union and procreation. In addition, Plaintiff claims that an integral component necessary for the practice of the Wiccan religion is the possession and use of an athame, which is a blunted and unsharpened ceremonial dagger, for certain rituals.

Plaintiff contends that Defendant Caruso approved and maintains Policy Directive 05.03.150, Attachment B, which specifically prohibits Wiccan prisoners from conducting or participating in group religious meetings or rituals and from openly displaying Wiccan symbols. Plaintiff states that the only religious paraphernalia he may possess is one deck of Tarot cards and one Pentagram. Plaintiff states that, at a bare minimum, he requires various herbs and herbal teas, various anointing oils, various candles, a scrying bowl and/or crystal ball, an alter, an alter cloth, a chalice, an anthame, a ceremonial robe, an alter mixing/offering bowl, an alter pentacle, a bell, a book of shadows, an incense burner, various crystals, and various living plants and flowers. Plaintiff also states that he requires the presence of a "familiar," which is an animal companion, to consummate his obligation to his deities to form a bond with the natural world, and to join him in the performance of various religious rituals.

On March 1, 2005, Plaintiff submitted an "application for executive clemency" to Defendant Rubitschun, citing the RLUIPA and seeking the ability to exercise his religious beliefs. On March 21, 2005, Defendant Rubitschun transmitted the application to Defendant Granholm for a final decision. Thereafter, according to Plaintiff, Defendant Granholm failed to comply with the RLUIPA with regard to Plaintiff's religious exercise.

Plaintiff alleges that Defendant Caruso presently lists the book *Buckland's Complete Book of Witchcraft* (Llewellyn, 1986) on the MDOC's restricted publications list, citing "bondage" as the reason for the restriction. Plaintiff claims that the definition of "bondage," as applied to

*Buckland's Complete Book of Witchcraft* applies to harmless Wiccan initiation rituals, unlike the crucifixion which lies at the core of Christianity.

Plaintiff claims that Defendants' actions as stated in his original and supplemental complaint violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA). The court has previously dismissed some of the claims. Plaintiff's remaining claims are the denial of group meetings and religious paraphernalia against Defendants in their official capacities

Plaintiff has moved for summary judgment and Defendants have filed an answer and a cross motion for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996

F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

The remaining claims in this action are:

1. Defendants Caruso and Lavigne have prohibited Plaintiff from exercising his religion in group meetings.

2. Defendants Caruso and Lavigne have prohibited Plaintiff from exercising his religion by denying him access to, or possession of, necessary religious paraphernalia.

3. Defendant Caruso has prohibited Plaintiff from exercising his religion by requiring him to hide his religious symbols and emblems from plain sight.

4. Defendant Caruso has prohibited Plaintiff from exercising his religion by refusing to allow him to purchase, possess, or read *Buckland's Complete Book of Witchcraft* (Llewellyn, 1986).

The Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 states:

(a) General Rule

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

The RLUIPA applies a strict-scrutiny standard whenever a substantial burden is imposed on religious exercise by a state government and occurs in a program or activity that receives Federal financial

assistance, or affects, or removal of that substantial burden would affect, interstate or foreign commerce. *Cutter v. Wilkinson*, 423 F.3d 579, 582 (6th Cir. 2005).

As noted above, the RLUIPA prohibits the imposition by any government of a substantial burden on the religious exercise of a prisoner, unless the government can show that such imposition is the least restrictive means of furthering a compelling governmental interest. *Figel v. Overton*, 121 Fed. Appx. 642, 646-47 (6th Cir. Feb. 4, 2005).

Plaintiff alleges an entitlement to group worship, display of religious symbols, religious objects and possession and use of *Buckland's Complete Book of Witchcraft* (Llewellyn, 1986). Defendants have asserted that plaintiff is being accommodated and that any substantial burden placed on the exercise of plaintiff's religious rights, while he is confined in prison, furthers a compelling government interest. Wiccan services are limited to eight times per year to celebrate the Wiccan Sabbots. The MDOC limits the meetings to eight times per year due to staff and budgetary contraints and due to the fact that most Wiccans "practice the solitary path of Wicca" and do not congregate on a weekly basis.

For congregation, Wiccan prisoners are allowed water to mark a circle, an alter, an alter cloth, a picture of a pentacle for display, a bowl or chalice, one stick of incense and an appropriate holder, up to ten candles and an Athame. Plaintiff is allowed tarot cards and symbols to wear under his clothing. Food and mixing bowls are not allowed because it is difficult to control food and liquid content. Similarly, oils are not allowed because they can be used to slip out of restraints and burning oil sticks can potentially cause personal harm. Robes are not allowed because they can be used to conceal contraband and make it easy for prisoners to expose themselves. Bells are not allowed because they can be used in the prison as signals to other prisoners. A crystal ball is not allowed because of the potential for use as a weapon. Plants and flowers are not allowed

because they can easily hide contraband and require destruction for a proper search. The Book of Shadows is not on the approved vender list. Plaintiff has shown no need for public display of religious symbols in order to practice the Wiccan faith.

      Buckland's Complete book of Witchcraft is on the restricted publication list because it depicts a photograph of a naked woman, blindfolded with her hands tied behind her back. The rope tying her hands also encircles her neck. The MDOC considers that inappropriate content for prisoners because it depicts potential criminal activity and threatens security in the prison by demonstrating bondage and possible strangulation. In the opinion of the undersigned, plaintiff's religious rights are clearly being accommodated by the MDOC and those minimal restrictions imposed by the MDOC on the Wiccan religion are served by a compelling state interest. Plaintiff cannot overcome the necessary interests of the MDOC to preserve security in the prison.

      Accordingly, it is recommended that Plaintiff's Renewed Motion for Summary Judgment (Docket # 95) be denied and Defendants' Cross Motion for Summary Judgment (docket 101) be granted, and this case be dismissed. It is further recommended that Plaintiff's motion for sanctions (docket # 105) be denied.

      Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley
       TIMOTHY P. GREELEY
       UNITED STATES MAGISTRATE JUDGE

Dated:   August 21, 2007