UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID MARSH,

    Plaintiff,

                                      File No. 2:05-CV-134

v.

                                       HON. ROBERT HOLMES BELL

JENNIFER GRANHOLM, et al.,

    Defendants.
                                           /

## **O P I N I O N**

This matter comes before the Court on Plaintiff David Marsh's motions for relief from judgment and to disqualify (Dkt. Nos. 125, 127). For the reasons that follow, the motions will be denied.

On September 7, 2007, this Court entered judgment in favor of Defendants on Plaintiff's complaint alleging violations under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc. (Dkt. No. 115, J.) The judgment was affirmed on appeal. (Dkt. No. 121, *Marsh v. Granholm*, No. 07-2450, slip op. (6th Cir. Jul. 31, 2008).) The Supreme Court denied Plaintiff's petition for writ of certiorari on January 21, 2009. (Dkt. No. 124, *Marsh v. Granholm*, No. 08-7225, Letter re Order Denying Cert. (S. Ct. Jan. 21, 2009).)

On November 2, 2010, more than three years after judgment was entered, Plaintiff filed the current motion for relief from judgment pursuant to Rules 60(b)(6) and 60(d)(3) of

the Federal Rules of Civil Procedure. Plaintiff asserts that the September 7, 2007, judgment should be set aside and the case reinstated because Defendants and their attorney perpetrated a fraud on the Court. Specifically, Plaintiff contends that Defendants obtained judgment based upon promises that they never intended to keep. Plaintiff also seeks protection for the "whistle-blowers" who have come forward to reveal the fraud.

Plaintiff's motion is based in part on the August 16, 2010, amendments to the Michigan Department of Corrections (MDOC) policy directive concerning prisoner religious practices (PD 05.03.150, Attachment A), which allow weekly religious services to adherents of "Asatru," but continue to restrict Wiccans to eight annual Sabbats.

The August amendments to PD 05.03.150 do not demonstrate that Defendants perpetrated any fraud upon the Court. In support of their motion for summary judgment, Defendants attached the affidavit of David Burnett, Special Activities Coordinator for the MDOC. (Dkt. No. 102, Ex. 1, Burnett Aff.) At the time Mr. Burnett filed his affidavit, the MDOC did not authorize Wiccans to conduct group religious activities. (*Id.* at ¶¶ 5-6.) Mr. Burnett advised the Court that the MDOC attempts to facilitate religious practices that mirror community religious practices; that most Wiccans practice the solitary path and do not congregate on a weekly basis; that some Wiccans gather to celebrate one or more of the eight annual Sabbats; and that the MDOC "is prepared to accommodate congregant Wiccan services for the eight annual Sabbats." (*Id.* at ¶¶ 8-11.) Contrary to Plaintiff's assertions,

the August 16, 2010, amendments to PD 05.03.150[1] reflect the fulfillment of this promise rather than the perpetration of any fraud on the Court.

Plaintiff also contends that the Court granted summary judgment to Defendants based in part on Defendants' promise that Plaintiff would be "supplied" with the religious materials listed in the Burnett Affidavit, ¶ 13." (Dkt. No. 126, Pl.'s Br. 3.) Plaintiff contends that in the three years following the judgment Defendants have not kept their promise to supply Plaintiff with these religious materials. (*Id.*; Dkt. No. 126, Ex. 2, Marsh Aff. ¶ 5.)

Contrary to Plaintiff's assertion, the Court did not grant summary judgment based upon Defendants' promise to "supply" Plaintiff with religious materials. Mr. Burnett's affidavit provided, and the R&R found, that prisoners are "allowed" certain religious items for congregation. (Burnett Aff. ¶¶ 11, 13.) Mr. Burnett did not promise to supply any religious items, and the Court did not rely on any promise to supply religious items.

Plaintiff has also provided the affidavit of Michele A. Bailey, Special Activity Director at the Mound Correctional Facility, in support of the proposition that Mr. Burnett's affidavit does not accurately represent Wiccan practice or the order and security needs of the MDOC. (Dkt. No. 126, Ex. 3, Bailey Aff. ¶¶ 9-25.) Ms. Bailey's disagreement with Mr. Burnett's understanding of Wicca, or his understanding of the prison's order and security

---

[1] The August 16, 2010, amendments to PD 05.03.150 consist of a new Attachment A which lists recognized religious groups authorized to conduct group religious services and activities. Attachment A provides that for the religious group Wicca, "group services only authorized for eight annual Sabbats, as identified by the CFA Special Activities Coordinator; no other group religious services or activities are authorized." PD 05.03.150A.

needs, does not demonstrate that Mr. Burnett was perpetrating a fraud on the Court. Moreover, Ms. Bailey's affidavit was not presented to the Court within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time . . . .") Plaintiff has not shown good cause for waiting more than three years after judgment was entered before presenting this evidence. Plaintiff has failed to show that Defendants committed a fraud upon the Court. Accordingly, Plaintiff's motion for relief from judgment (Dkt. No. 125) will be denied.

Plaintiff has also filed a motion pursuant to 28 U.S.C. § 455(a) to disqualify the district judge and the magistrate judge from any further participation on this case based on their verbatim copying of the "fraudulent averments" in Defendants' brief.

Judicial bias cases generally follow one of two lines of reasoning: either that the court had a personal interest in the outcome of the case, or that the court engaged in judicial misconduct. *See Allen v. Hawley*, 74 F. App'x 457, 459-60 (6th Cir. 2003) (describing two lines of judicial bias cases). Plaintiff's motion is based solely on the Court's ruling on Defendants' motion for summary judgment. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Wilson v. Parker*, 515 F.3d 682, 701 (6th Cir. 2008) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)." "To show improper prejudice, a judge's comments must 'display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Id.* (quoting *Liteky*, 510 U.S. at 555.) Plaintiff has not shown that the Court knew or should have known that the averments in Defendants' brief

4

were fraudulent when it relied on those averments, nor has he shown that the Court's ruling displayed a deep-seated favoritism toward Defendants or antagonism toward Plaintiff that would make fair judgment impossible. Accordingly, Plaintiff's motion to disqualify will be denied.

An order consistent with this opinion will be entered.


Dated: <u>December 14, 2010</u>  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE